ACCEPTED
03-12-00247-CV
3853909
THIRD COURT OF APPEALS
AUSTIN, TEXAS
1/21/2015 8:13:12 PM
JEFFREY D. KYLE
CLERK

No. 03-12-00247-CV

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
1/21/2015 8:13:12 PM
JEFFREY D. KYLE
Clerk

**ROLAND OIL COMPANY**
*Appellant,*

v.

**RAILROAD COMMISSION OF TEXAS,**
*Appellee.*

Appeal from the 353rd Judicial District Court
Travis County, Texas
Cause No. D-1-GN-08-003472

**APPELLANT ROLAND OIL COMPANY RESPONSE TO
APPELLEE'S MOTIONS FOR REHEARING AND FOR ENBANC
RECONSIDERATION**

DARIO BARGAS
SBN: 01733600
BARGAS LAW FIRM
1000 HERITAGE CENTER CIRCLE
ROUND ROCK, TEXAS 78664
PHONE: 512-785-5955
FAX: 1-866-415-0828
**ATTORNEY FOR APPELLANT**

# TABLE OF CONTENTS

**PAGE**

Table of Contents…………………………………………………………ii

Index of Authorities……………………………………………………..iii

I.      Response to Rehearing Point 1:
**A. By considering the unique facts of this case, along with the express language of the Unitization Lease, the Court correctly found the operations of Roland Oil Company to qualify as "Unit Operations."** …………………………………..2

II.     Response to Rehearing Point 2:
**B. This Court is not changing precedence regarding the Hall case**………………………………………………………….2

III.    Response to Rehearing Point 3:
**C. Thirdly, the Court did not error in applying the Substantial Evidence Test.**………………………………………………….4

PRAYER……………………………………………………………….5

Certificate of Compliance………………………………………………..7

Certificate of Service…………………………………………………...8

# INDEX OF AUTHORITIES

**CASES**                                                                                            **PAGE**

*Bargsely v. Pryor Petroleum Corp.,*
      196 S.W.3d 823 (Tex. App.—Eastland 2006, pet. Denied)…………..3


Hall v. McWilliams,
      404 S.W.2d 606 (Tex. Civ. App.—Austin 1966, writ ref'd n.r.e.)…...3

Cox v. Stowers,
      786 S.W.2d. 102 (Tex. App—Amarillo 1990, no writ)………………4

No. 03-12-00247-CV

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF TEXAS
AT AUSTIN

ROLAND OIL COMPANY
*Appellant,*
v.

RAILROAD COMMISSION OF TEXAS,
*Appellee*.

Appeal from the 353rd Judicial District Court
Travis County, Texas
Cause No. D-1-GN-08-003472

**APPELLANT ROLAND OIL COMPANY RESPONSE TO
APPELLEE'S MOTIONS FOR REHEARING AND FOR ENBANC
RECONSIDERATION**

TO THE HONORABLE COURT OF APPEALS:

NOW COMES Roland Oil Company, Appellant, by and through

undersigned counsel, and respectfully requests that this Court deny

Appellee's motion for rehearing and en banc reconsideration.

**A. By considering the unique facts of this case, along with the express language of the Unitization Lease, the Court correctly found the operations of Roland Oil Company to qualify as "Unit Operations."**

This Court ruled that Appellant's actions to satisfy the Commission's regulations are essential in operating the lease and producing regarding active wells. (*Roland Oil Co. v. R.R. Comm'n of Texas*, No. 03-12-00247-CV, at 13 (Tex. App.—Austin Aug. 29, 2014) (mem. Op.).

The Commission has incorrectly interpreted this Court's decision with respect to Unit Operations. As stated above, the heart of producing oil and gas is compliance with the Commission's regulations. Simply put, Appellant cannot produce the lease in question without testing the inactive wells because of the Commission's regulations of plugging. (*Roland Oil Co. v. R.R. Comm'n of Texas*, No. 03-12-00247-CV, at 13 (Tex. App.—Austin Aug. 29, 2014) (mem. Op.). Thus, this Court did not negate the full concept of Unit Operations.

**B. Secondly, This Court is not changing precedence regarding the Hall case.**

Appellee has indicated in their Motion for Rehearing that Appellants

actions did not constitute operations based on well-established oil and gas law. However, in *Bargsely v. Pryor Petroleum Corp.*, 196 S.W.3d 823 (Tex. App.—Eastland 2006, pet. denied.), the court indicated that activities under certain circumstances might be considered "operations". This leaves the question open as to what circumstances these activities will be deemed "operations."

Appellees contend that this Court is not following precedent, relying on the previous ruling in *Hall v. McWilliams*. However, the case at issue is different than *Hall* because the facts in *Hall* indicated that the actions done by the operator was minimal, *i.e*, starting the motor on well once a week and pumping the well for about five minutes to pass fluid. 404 S.W. 2d at 609. In this case at hand, Appellant was out on the oil site every day, performed flow-line and electrical repairs on the Lease's active wells ("its just a matter of continuous operations"), and monitored the flow lines and tank batteries. (*Roland Oil Co. v. R.R. Comm'n of Texas*, No. 03-12-00247-CV, at 12 (Tex. App.—Austin Aug. 29, 2014) (mem. Op.). The actions of Appellant clearly show more than minimal work as opposed to the *Hall* case. Further, in this case, this court correctly asserted that there was evidence that Appellant's work and maintenance was extended to the whole lease during the gap in

3

production. *Id*   Therefore, making this case distinct from the *Hall* case.  In the *Hall* case, the operations performed were done solely to the inactive wells for the purpose of keeping the pump from sticking. *Cox v. Stowers*, 786 S.W.2d 102 at 2 (Tex. App.—Amarillo 1990, no writ).

**C. Thirdly, the Court did not error in applying the Substantial Evidence Test.**

Here, Appellee claims the Court erred in applying the Substantial Evidence test by improperly weighing the evidence against the Commissioner's findings. However, a quick overview of the court's opinion in this case shows why the Court did not deviate from the correct standard of review.

In the two step Substantial Evidence analysis, the court must make two inquiries: (1) whether the agency made findings of underlying facts that logically support the ultimate facts and legal conclusions establishing the legal authority for the agency's decision or action and, in turn, (2) whether the findings of underlying fact are reasonably supported by the evidence. *Roland Oil Co. v. R.R. Comm'n of Texas*, No. 03-12-00247-CV, at 7 (Tex. App.—Austin Aug. 29, 2014) (mem. Op.)  In this analysis, although the

Court may not "substitute" its judgment for that of the state agency on the weight of the evidence or questions of fact, it may, concerning the first inquiry, review "embedded questions of law" de novo." *Id*. Thus, allowing the court to review agency questions of law without a presumption of validity under the substantial evidence test, as it did in this case.

As for the second inquiry, the Court, in its review of the findings by the Commission, found that no evidence was presented by Appellee to show Appellant's performance during the "gap" in production was solely performed on the inactive wells. *Roland Oil Co. v. R.R. Comm'n of Texas*, No. 03-12-00247-CV, at 13 (Tex. App.—Austin Aug. 29, 2014) (mem. Op.). Coincidently, the Commission based its decision on the reliance of its own finding that Appellant solely performed Unit Operations on inactive wells. Here, the Court reasoned under the second inquiry, that because no evidence supported the Commission's finding, the evidence couldn't reasonably support the finding.

**PRAYER**

In conclusion, this Court found the operations of Roland Oil Company to qualify as "Unit Operations" after considering the unique facts of this case, along with the express language of the Unitization Lease. The Court did not

5

err in its application of the Substantial Evidence test, and so Appellant

requests that the Court deny Appellee's motion.


Respectfully Submitted,

/s/*Dario Bargas*
Dario Bargas
SBN: 01733600
Attorney for Appellant

**Certificate of Compliance**

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I certify that this computer-generated document, excluding the contents listed in Texas Rule of Appellate Procedure 9.4(i)(1), contains approximately 850 words and therefore complies with the word count limits set forth in Texas Rule of Appellate Procedure 9.4(i)(2)(D). I relied on the word count of the computer program used to prepare the document.

/s/ *Dario Bargas*
Dario Bargas

**Certificate of Service**

On January 21, 2015, a true and correct copy of the foregoing

Appellant Roland Oil Company Response to Appellee's Motion for

Rehearing and for En Banc Reconsideration was served on the following

counsel electronically through electronic filing service provider by email:

Anthony W. Benedict
Assistant Attorney General
SBN: 02129100
anthony.benedict@texasattorneygeneral.gov

Elizabeth R.B. Sterling
SBN: 19171100
elizabeth.sterling@texasattorneygeneral.gov

Priscilla M. Hubenak
Assistant Attorney General
SBN: 10144690
pricilla.hubenak@texasattorneygeneral.gov

Linda B. Secord
SBN: 17973400
linda.secord@texasattorneygeneral.gov

Steven Lord
SBN: 24074618
Assistant Attorney General
steven.lord@texasattorneygeneral.gov

/s/ *Dario Bargas*
Dario Bargas